# Exhibit A

 CT Corporation

**Service of Process Transmittal**
07/23/2021
CT Log Number 539958620

**TO:** Jeffrey Stoddard
Credit Control Services, Inc.
725 Canton Street
Norwood, MA 02062

**RE:** **Process Served in Illinois**

**FOR:** Credit Control Services, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARGARITA MALDONADO, on behalf of herself and all others similarly situated, Pltf. vs. CREDIT CONTROL SERVICES, INC., ETC., DFT. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021CH03171 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/23/2021 at 04:13 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/24/2021, Expected Purge Date: 07/29/2021<br><br>Image SOP<br><br>Email Notification,  Jeffrey Stoddard  jstoddard@ccsusa.com<br><br>Email Notification,  Michael Kraft  mkraft@ccsusa.com<br><br>Email Notification,  Michael Sands  msands@ccsusa.com<br><br>Email Notification,  Varian McCellon  vmccellon@ccsusa.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-539-8692<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process Transmittal**
07/23/2021
CT Log Number 539958620

**TO:**   Jeffrey Stoddard
Credit Control Services, Inc.
725 Canton Street
Norwood, MA 02062

**RE:**   **Process Served in Illinois**

**FOR:**   Credit Control Services, Inc.  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                      Fri, Jul 23, 2021

**Server Name:**        Sheriff Drop

| | |
|---|---|
| Entity Served | CREDIT CONTROL SERVICES, INC. |
| Case Number | 2021CH03171 |
| Jurisdiction | IL |



Hearing Date: 10/27/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
    Cook County, IL

\* 5 0 0 9 1 8 5 6 \*

FILED
7/15/2021 3:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03171

14060040

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

MARGARITA MALDONADO, on behalf of
herself and all others similarly situated,

                            Plaintiff(s)

v.

CREDIT CONTROL SERVICES, INC. d/b/a
CREDIT COLLECTION SERVICES

                           Defendant(s)

c/o Illinois Corporation Service
208 S. LaSalle St., Suite 814; Chicago, IL 60604

                 Address of Defendant(s)

Case No.   2021CH03171

Please serve as follows (check one): ○ Certified Mail   ● Sheriff Service   ○ Alias

## SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Summons - Alias Summons • (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

◉ Atty. No.: 60070

○ Pro Se 99500

Name: Celetha Chatman

Atty. for (if applicable):

Community Lawyers LLC

Address: 980 N. Michigan Ave., Suite 1400

City: Chicago

State: IL  Zip: 60611

Telephone: (312) 757-1880

Primary Email: cchatman@communitylawyersgroup.co

7/15/2021 3:49 PM IRIS Y. MARTINEZ

Witness date _____

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail _____

☐ Date of Service: _____

(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

* 5 0 0 9 1 8 5 6 *

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
                OR
                ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

Hearing Date: 10/27/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
    Cook County, IL

\* 5 0 0 9 1 8 5 6 \*

FILED
7/15/2021 3:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03171

14060040

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

**Summons - Alias Summons**      (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

MARGARITA MALDONADO, on behalf of
herself and all others similarly situated,

                          Plaintiff(s)

v.

CREDIT CONTROL SERVICES, INC. d/b/a
CREDIT COLLECTION SERVICES

                          Defendant(s)

c/o Illinois Corporation Service
208 S. LaSalle St., Suite 814; Chicago, IL 60604

            Address of Defendant(s)

Case No.   2021CH03171

Please serve as follows (check one): ◯ Certified Mail ⦿ Sheriff Service ◯ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Summons - Alias Summons • (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

7/15/2021 3:49 PM IRIS Y. MARTINEZ

◉ Atty. No.: 60070

○ Pro Se 99500

Witness date _____

Name: Celetha Chatman

Atty. for (if applicable):

IRIS Y. MARTINEZ, Clerk of Court

Community Lawyers LLC

☐ Service by Certified Mail _____

Address: 980 N. Michigan Ave., Suite 1400

☐ Date of Service: _____

City: Chicago

(To be inserted by officer on copy left with employer or other person)

State: IL    Zip: 60611

Telephone: (312) 757-1880

Primary Email: cchatman@communitylawyersgroup.co

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 2 of 3

* 5 0 0 9 1 8 5 6 *

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
            OR
            ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

Hearing Date: 10/27/2021 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
    Cook County, IL

* 5 0 0 9 1 8 5 6 *
13859660

Firm No. 60359

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
6/29/2021 11:42 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH03171

| | |
|---|---|
| MARGARITA MALDONADO, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. **2021CH03171**

CLASS ACTION

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Plaintiff Margarita Maldonado, on behalf of herself and a putative class, brings this action

under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and alleges as

follows:

### NATURE OF THE CASE

1.    The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable

collection methods, conduct which harasses or abuses any debtor, and the use of any false or

deceptive statements in connection with debt collection attempts.

2.    In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

* 5 0 0 9 1 8 5 6 *

3.      Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection.  15 U.S.C. §§ 1692(a) – 1692(e).  Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices.  *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4.      To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein.  *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

7.      "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or **in any other court of competent jurisdiction**, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d) (emphasis added).

8.      Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State),

and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

9.      Credit Collection Services collects debts from consumers in Illinois.

10.     Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred.   In addition, Defendant regularly does business in this County.

11.     Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

## PARTIES

12.     Plaintiff is a resident of the State of Illinois, from whom Defendant attempted to collect a debt allegedly owed for a delinquent account (the "Account") owed to Laboratory Corporation of America Holdings ("Labcorp").

13.     Defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("CSS" or "Defendant") is a Delaware corporation that does or transacts business in the State of Illinois. Its registered agent is CT Corporation System, located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

14.     CSS is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts on behalf of other entities.

15.     CSS holds a collection agency license from the State of Illinois.

16.     CSS regularly collects or attempts to collect defaulted consumer debts on behalf of others, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

* 5 0 0 9 1 8 5 6 *

## **FACTUAL ALLEGATIONS**

17.     Plaintiff incurred a debt, creating the Account.

18.     Plaintiff used the Account for personal, family, and household purchases.

19.     The Account is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

20.     The Account went into default.

21.     CSS subsequently began collection activities on the Account.

22.     On or about November 11, 2020, CMS mailed Plaintiff a collection letter (the "Letter") in an attempt to collect the Account from Plaintiff. (Exhibit A, Letter).

23.     The Letter conveyed various information regarding the Account, including the amount owed, the identity of the original creditor, and an account number.

24.     The Letter was a "communication" as that term is defined at §1692a(2) of the FDCPA.

25.     The Letter is a form letter.

26.     Plaintiff read the Letter.

27.     The Letter bears markings that are characteristic of ones generated by a letter vendor, including numbers and bar codes around the edges of the Letter.

28.     On information and belief, these markings are used to identify the letter template and client being serviced by the letter vendor.

29.     CSS caused a letter vendor to send the Letter to Plaintiff.

30.     In order to have the letter vendor send Plaintiff the Letter, Defendant had to furnish the vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's Account, and other personal information.

31.     The letter vendor then populated some or all of this information into a prewritten template, which was printed and mailed to Plaintiff on behalf of CSS in order to collect the Account.

32.     CSS's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third party with the objective being communication with and motivation of the consumer to pay the debt.

33.     Plaintiff did not consent to having her personal and confidential information, concerning the Account or otherwise, shared with anyone else.

34.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b):

> **Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

35.     Section 1692b allows debt collectors to communicate with third parties *only* for the purpose of acquiring "location information" regarding the debtor, and then only if they do not state that the consumer owes any debt.

36.     The mass-mail vendor used by CSS as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

37.     If a debt collector "conveys information regarding the debt to a third party informs the third party that the debt exists or provides information about the details of the debt, then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

38.     Plaintiff's privacy was invaded when CSS communicated with the third-party mailing vendor in connection with the collection of a debt. The letter vendor learned that Plaintiff

* 5 0 0 9 1 8 5 6 *

owed a consumer credit debt, to whom the debt was owed, the age of the debt, and the amount of the debt. The mass mailer also learned the address of Plaintiff.

39.     The Letter was sent in an envelope with a glassine window through which numbers and bar codes were visible. (Exhibit B, Envelope).

40.     The FDCPA prohibits using an envelope that contains any language or symbols other than the debt collector's address or its business name.

41.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

42.     Thus, the presence of the numbers and bar code visible on the face of the envelope violated § 1692f(8).

43.     CSS used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained symbols other than its address or business name on the envelope.

44.     The inclusion of any language that is not CSS's business name or address violates § 1692f(8). *Preston v. Midland Credit Mgmt.*, 948 F.3d 772, 784 (7th Cir. 2020) (finding an FDCPA violation based on the inclusion of "TIME SENSITIVE DOCUMENT" on an envelope) (emphasis in the original).

45.     The U.S. Court of Appeals for the Seventh Circuit has confirmed what the statute already makes clear: no language or symbol other than the debt collector's name and address is permitted. *Id.* (finding no exception even for so-called "benign language" on an envelope).

46.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

47.     Plaintiff brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom CSS attempted to collect a Labcorp account (3) by sending a letter through a third-party mailing vendor (4) in an envelope with a glassine envelope through which numbers and bar codes were visible, and was (5) sent between one year prior to the filing of this Class Action Complaint up to the filing of this Class Action Complaint (the "Class").

48.     Plaintiff may alter the class definition to conform to developments in the case and discovery.

49.     The proposed classes meet all requirements under 735 ILCS 5/2-801.

50.     **Numerosity:** Upon information and believe, the Class is so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of members of the Class are presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of Defendant. However, it is reasonable to infer that more than 40 Illinois consumers received a letter materially identical to Exhibit A hereto given that it is a form letter. Members of the Class can be easily identified through Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice

7

dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

51. **Commonality and Predominance:** Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

52. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the members of the Class she seeks to represent, and she intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in class action litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel and Plaintiff's claim is typical of the claims of the class members.

53. **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Radius, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I — FAIR DEBT COLLECTION PRACTICES ACT

54.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

55.     CMS violated § 1692c(b) of the FDCPA by communicating with its mass-mailer vendor information about the debt in connection with the collection of that debt.

56.     CSS used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained symbols other than its address or business name on the envelope.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the Classes and against CMS as follows:

A.   Certification of the proposed Class;

B.   Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

C.   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

D.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

E.   Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Daniel Brown*
　　Daniel Brown

Daniel Brown (atty # 60359)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com

Michael Wood
Celetha Chatman
Community Lawyers, LLC

* 5 0 0 9 1 8 5 6 *

980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

*Attorneys for Plaintiff*

* 5 0 0 9 1 8 5 6 *

# EXHIBIT A



Case: 1:21-cv-04441 Document #: 1-1 Filed: 08/21/21 Page 22 of 49 PageID #:26

# CCS USA
ESTABLISHED 1969

725 Canton Street, Norwood, MA 02062
Monday - Friday: 8:00AM-8:00PM, Saturday: 9:00AM-5:30PM, ET   * 5 0 0 9 1 8 5 6 *

**CALL CENTER: (617) 581-1083**

Date: 11/11/20
File Number:
Pin Number:

DOS: 02/06/2020

15824 1 AB 0.416 T 46
MARGARITA MALDONADO

RE: MARGARITA MALDONADO

| CREDITOR: | AMOUNT OF THE DEBT: |
|---|---|
| LABCORP | $25.00 |

According to our client, the above referenced amount remains unpaid. As a result, your account has been placed with this office for collection. We look forward to working with you to resolve this matter. Thank you.

**Federal Law:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.



**CALL CENTER:** You can receive personal attention from a Customer Service Agent during the hours referenced at the top of this notice: (617) 581-1083.



**MAIL PAYMENT:** You can mail your check together with the payment stub portion of this notice. You can make your check payable to: LABCORP.



**MAIL OR FAX CORRESPONDENCE:** You can mail correspondence to: CCS P.O. Box 337, Norwood, MA 02062-0337 or fax to: (617) 658-5714. You can include a copy of this notice to avoid processing delays.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| File Number: | AMOUNT OF THE DEBT: |
|---|---|
| Pin Number: | $25.00 |
| MARGARITA MALDONADO | |

Do not mail post-dated checks. You can call (617) 581-1083 for personal attention. CCS may process payment as a one-time electronic funds withdrawal using information from your check.

**CCS**
**PAYMENT PROCESSING CENTER**
**P.O. BOX 55126**
**BOSTON, MA 02205-5126**

8988802900820841020000025007

* 5 0 0 9 1 8 5 6 *

# EXHIBIT B



FILED DATE: 6/29/2021 11:42 AM 2021CH03171

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
BICO

P.O. BOX 400
NORWOOD, MA 02062-0400

ELECTRONIC SERVICE REQUESTED

15824 1 AB 0.416 T 46
MARGARITA MALDONADO

00-CCS2WASTE-1
2870
D031620
28789

\* 5 0 0 9 1 8 5 6 \*

# EXHIBIT C

* 5 0 0 9 1 8 5 6 *

Firm No. 60359

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

MARGARITA MALDONADO, on behalf of          )
herself and all others similarly situated,          )
                                                    )
     Plaintiff,                                     )
                                                    )    Case No.
     v.                                            )
                                                    )    CLASS ACTION
                                                    )
CREDIT CONTROL SERVICES, INC. d/b/a          )
CREDIT COLLECTION SERVICES,                  )
                                                    )    JURY TRIAL DEMANDED
                                                    )
     Defendant.                                    )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Margarita Maldonado, respectfully requests that the Court order that this action, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), may proceed on behalf of a class against Defendant Credit Control Services, Inc. d/b/a Credit Collection Services ("CSS" or "Defendant").

The class consists of (1) all persons similarly situated in the State of Illinois (2) from whom CSS attempted to collect a Labcorp account (3) by sending a letter through a third-party mailing vendor (4) in an envelope with a glassine envelope through which numbers and bar codes were visible and was (5) sent between one year prior to the filing of this case up to the filing of this case.

Plaintiff is required to file a motion for class certification prior to any tender of payment by CSS to ensure that Plaintiff's individual claims are not mooted, and Plaintiff may request

1

leave to supplement the motion at a later date. *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644 (2015).

In support of this motion, Plaintiff states as follows:

## NATURE OF THE CASE

1.      Plaintiff Margarita Maldonado is a natural person residing in Chicago, Illinois.

2.      Defendant CSS is a Delaware corporation, engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

3.      On or about November 11, 2020, CSS caused a letter vendor to send Plaintiff the collection letter in Appendix A.

4.      The letter conveyed various information regarding a collections account directly to Plaintiff, including the amount owed, the identity of the original creditor, and an account number.

5.      In order to have the letter vendor send Plaintiff the letter in Appendix A, Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

6.      The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

7.      The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is a "communication" as defined in §1692a(3) of the FDCPA. 15 U.S.C. §1692a(3) (defining "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium").

8.      CSS's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third party with the objective being communication with and motivation of the consumer to pay the alleged debt.

9.      Plaintiff did not consent to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

10.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or a reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

11.     The letter vendor used by CSS as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

12.     Due to CSS's communication to the letter vendor, information about Plaintiff is within the possession of an unauthorized third party.

13.     If a debt collector "conveys information regarding the debt to a third party informs the third party that the debt exists or provides information about the details of the debt, then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

14.     CSS unlawfully communicated with the unauthorized third-party letter solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third party.

3

15.     In its reckless pursuit of a business advantage, CSS disregarded the known, negative effect that disclosing personal information to an unauthorized third party has on consumers.

16.     The collection letter was also mailed in an envelope with a glassine window that showed Plaintiff's name and address and a return address.

17.     The envelope also showed a bar code and a series of numbers. (Appx. A).

18.     The FDCPA prohibits using an envelope that contains any language or symbols other than the debt collector's address or its business name.

19.     Thus, the presence of the additional symbols and numbers violated the FDCPA.

20.     The inclusion of any language that is not CSS's business name or address violates §1692f(8) of the FDCPA. *Preston v. Midland Credit Mgmt.*, 948 F.3d 772, 784 (7th Cir. 2020) (finding an FDCPA violation over the inclusion of TIME SENSITIVE DOCUMENT on an envelope) (emphasis in the original).

21.     The U.S. Court of Appeals for the Seventh Circuit has confirmed what the statute already makes clear: no language or symbol other than the debt collector's address is permitted. *Id.* (finding no exception even for so-called "benign language" on an envelope).

## THE FAIR DEBT COLLECTION PRACTICE ACT

22.     The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

23.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

24.    Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

25.    To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

26.    Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

27.    Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA.

28.    Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982).

## REQUIREMENTS FOR CLASS CERTIFICATION

29.     Illinois law allows for the maintenance of class actions when the following prerequisites are met:

> (1)     The class is so numerous that joinder of all members is impracticable.
>
> (2)     There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> (3)     The representative parties will fairly and adequately protect the interest of the class.
>
> (4)     The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.

30.     The class action determination is to be made as soon as practicable after the commencement of an action brought as a class action and before any consideration of the merits. 735 ILCS 5/2-802.

31.     Decisions regarding class certification are left to the "sound discretion" of the circuit court and will be overturned only where the court clearly abuses that discretion or applied "impermissible legal criteria." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 819 (Ill. 2005).

32.     Class actions are essential to enforce laws protecting consumers. As the court stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist. 1991):

> In a large and impersonal society, class actions are often the last barricade of consumer protection . . . . [T]he consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action— private suits or governmental actions—have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when

* 5 0 0 9 1 8 5 6 *

brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer. (574 N.E.2d at 764, 766).

33.     Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. As a result, numerous FDCPA class actions have been certified. *See, e.g., Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015); *Vines v. Sands*, 188 F.R.D. 302 (N.D. Ill. 1999).

34.     As demonstrated below, each of the requirements for class certification is met.

## 1.  <u>Numerosity</u>

35.     Section 2-801 (1) parallels the language of Federal Rule of Civil Procedure 23(a)(1 ); therefore, federal case law is instructive on the numerosity requirements under the Illinois Rules. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990). The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. *See Kulins v. Malco*, 121 Ill. App. 3d 520, 530 (1st Dist. 1984) (19 and 47 members sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 members sufficient).

36.     It is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Lit.*, 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross*, 663 F. Supp. 1164, 1169 (E.D.N.Y 19786). "The court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential to most cases in order to reach a class determination .... Where the exact size of the class is unknown, but it is

7

general knowledge or common sense that it is large, the court will take judicial notice of this fact

and will assume joinder is impracticable." 2 NEWBERG ON CLASS ACTIONS (3d ed. 1995), §7.22.

      37.    In the present case, Plaintiff alleges, based on the volume of Defendant's

collection activity and the use of form letters, that there are more than 40 class members, making

them so numerous that joinder is impracticable.

      38.    While discovery will be needed to determine the precise class size, it is reasonable

to infer that numerosity is satisfied. *See Wood River Area Dev. Corp.*, 198 Ill. App. 3d at 450

(concurring with a leading scholar's assertion that a class size of 40 clearly satisfies numerosity

and that a class size of 25 likely satisfies numerosity); *Swiggett v. Watson*, 441 F.Supp. 254, 256

(D. Del. 1977) (an action challenging transfers of title pursuant to Delaware motor vehicle

repairer's lien, the fact the Department of Motor Vehicles issued printed forms for such transfer

was in of itself sufficient to show that the numerosity requirement was satisfied); *Westcott v.

Califano*, 460 F. Supp. 737, 744 (D .Mass. 1978) (in action challenging certain welfare policies,

existence of policies and 148 families who were denied benefits to which policies applied

sufficient to show numerosity, even though it was impossible to identify which of 148 families

were denied benefits because of policies complained of).

**2.  <u>Common Questions and Predominance</u>**

      39.    A common question may be shown when the claims of the individual members of

the class are based on the common application of a statute or they were aggrieved by the same or

similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.*, 230 Ill. App. 3d 628, 634 (1st

Dist. 1992).

      40.    In the present case, the predominant common questions are (i) whether CSS sends

personal information to letter vendors without proper authorization or consent, (ii) whether CSS

sends collection letter in envelopes containing language or symbols other than its address, (iii) whether such practices violate the FDCPA, and (iv) CSS's liability for such violations.

41. Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement ... is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

42. The only individual issue is the identification of the class members, a matter easily ascertainable from CSS's files.

43. Questions readily answerable from a party's files do not present an obstacle to class certification. *See Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

**3.** **Adequacy of Representation**

44. The class action statute requires that the class representative provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the attorney for the class must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the representative must not have interests antagonistic to those of the class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

45. Plaintiff has retained experienced counsel, as indicated on Appendix B, Appendix C, and Appendix D, which sets forth counsel's qualifications.

46. There are no conflicts between Plaintiff and the class members.

* 5 0 0 9 1 8 5 6 *

### 4. **Appropriateness of Class Action**

47.     Efficiency is the primary focus in determining whether the class action is an appropriate method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank*, 57 F.R.D 545 (N.D.Ill. 1972). It is proper for a court, in deciding this issue, to consider the "inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161,1165 (7th Cir.1974).

48.     In this case there is no better method available for the adjudication of the claims which might be brought by each individual consumer. The vast majority of consumers are undoubtedly unaware that their rights are being violated. In addition, the modest size of the claims makes it unlikely that consumers would be able to pay to retain counsel to protect their rights on an individual basis.

### **CONCLUSION**

49.     The Court should certify this action as a class action.

Respectfully submitted,

By: */s/ Daniel Brown*
Daniel Brown

Daniel Brown (Atty # 60359)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com

Michael Wood
Celetha Chatman
Community Lawyers, LLC
980 N. Michigan Ave., Suite 1400

Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com
Cook County No. 60070

## **CERTIFICATE OF SERVICE**

I, Daniel Brown, I had this document placed for service with the complaint to the

following parties:

Credit Control Services, Inc. d/b/a Credit Collection Services
c/o CT Corporation System
208 South LaSalle St., Suite 814
Chicago, IL 60404

_/s/ Daniel Brown_
Daniel Brown

* 5 0 0 9 1 8 5 6 *

# APPENDIX A



# CCS USA
**ESTAB. SINCE 1969**

# CREDIT COLLECTION SERVICES

725 Canton Street, Norwood, MA 02062
Monday - Friday: 8:00AM-8:00PM, Saturday: 9:00AM-5:30PM, ET    * 5 0 0 9 1 8 5 6 *

**CALL CENTER: (617) 581-1083**

Date: 11/11/20
File Number: ██████████
Pin Number: ████████

DOS: 02/06/2020

RE: MARGARITA MALDONADO

15824 1 AB 0.416 T 46
MARGARITA MALDONADO
████████████████████
D03162B
00-CCS2WAS1E-1
0290

| CREDITOR: | AMOUNT OF THE DEBT: |
|-----------|---------------------|
| **LABCORP** | **$25.00** |

According to our client, the above referenced amount remains unpaid. As a result, your account has been placed with this office for collection. We look forward to working with you to resolve this matter. Thank you.

**Federal Law:** Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.



**CALL CENTER:** You can receive personal attention from a Customer Service Agent during the hours referenced at the top of this notice: (617) 581-1083.



**MAIL PAYMENT:** You can mail your check together with the payment stub portion of this notice. You can make your check payable to: LABCORP.



**MAIL OR FAX CORRESPONDENCE:** You can mail correspondence to: CCS P.O. Box 337, Norwood, MA 02062-0337 or fax to: (617) 658-5714. You can include a copy of this notice to avoid processing delays.

---

| File Number: ██████████ | AMOUNT OF THE DEBT: |
|-------------------------|---------------------|
| Pin Number: ████ | **$25.00** |
| **MARGARITA MALDONADO** | |

Do not mail post-dated checks. You can call (617) 581-1083 for personal attention. CCS may process payment as a one-time electronic funds withdrawal using information from your check.

CCS
PAYMENT PROCESSING CENTER
P.O. BOX 55126
BOSTON, MA 02205-5126

898880290082084102000025007

FILED DATE: 6/29/2021 11:42 AM  2021CH03171

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
BICO

P.O. BOX 400
NORWOOD, MA 02062-0400

ELECTRONIC SERVICE REQUESTED

15824 1 AB 0.416 T 46
MARGARITA MALDONADO

* 5 0 0 9 1 8 5 6 *

# APPENDIX B

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| MARGARITA MALDONADO, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | CLASS ACTION |
| CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## DECLARATION OF MICHAEL JACOB WOOD

I, Michael Jacob Wood, Esq., being first duly sworn on oath, depose and state as follows:

1.     I am one of the attorneys for the Plaintiff above named.

2.     I have read the Complaint filed in this action and know the contents thereof, and that the same is true of my knowledge.

3.     I am admitted to practice in Illinois as of May 1, 2014.

4.     I have substantial experience in FDCPA litigation and collection defense litigation, which are the focus of my practice.

5.     I am a member of the National Association of Consumer Advocates as of November 2011.

6.     I am or have been counsel to over 800 FDCPA cases in the Northern District.

7.     I am or have been counsel to more than 500 debt defense cases in the Circuit Court of Cook County.

* 5 0 0 9 1 8 5 6 *

8.      I publish and lectured on the Fair Debt Collection Practices Act. (e.g., Michael J. Wood, *Abstention Doctrine and the Fair Debt Collection Practices Act*, 89 Chi.-Kent. L. Rev. 1191 (2014)).

9.      Class actions: I have certified several classes for settlement purposes in the following cases: *Wingate v. Resurgence Capital, LLC*, 14-cv-7753 (N.D. Ill.); *Szczesniak v. National Account Services*, 14-cv-10346 (N.D. Ill.); *Garret v. David B. Blaskovich P.C.*; 17-cv-0087 (N.D. IL); *Zulku v. I.Q. Data Internatioanl, Inc.,* 19-cv-03675 (N.D. Ill.).


Pursuant to 28 U.S.C. § 1746(2), I, Michael Jacob Wood, hereby declare under penalty of perjury that the foregoing is true and correct.


Dated:  June 29, 2021                    */s/ Michael Jacob Wood*
                                          Michael Jacob Wood


Michael J. Wood
Community Lawyers LLC
980 N. Michigan Avenue, Suite 1400
Chicago, IL 60611
Ph: 312.757.1880
fax: 312.476.1383
mwood@communitylawyersgroup.com

# APPENDIX C

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

MARGARITA MALDONADO, on behalf of            )
herself and all others similarly situated,   )
                                             )
        Plaintiff,                          )
                                             )        Case No.
        v.                                  )
                                             )        CLASS ACTION
                                             )
CREDIT CONTROL SERVICES, INC. d/b/a          )
CREDIT COLLECTION SERVICES,                  )
                                             )        JURY TRIAL DEMANDED
                                             )
        Defendant.                          )

### DECLARATION OF CELETHA C. CHATMAN

I, Celetha C. Chatman, being first duly sworn on oath, depose and state as follows:

1.     I am one of the attorneys for the Plaintiff above named.

2.     I am admitted to practice in Illinois as of November 5, 2015.

3.     I am a member of the Bar of the United States District Court for the Northern

District of Illinois.

4.     I am member of the Bar of the Bankruptcy Court for the Northern District of

Illinois.

5.     I have significant experience in FDCPA litigation, which is the focus of my

practice.

6.     I am or have been counsel to more than 500 FDCPA cases in the Northern

District.

7.     The following is a sample of my FDCPA class actions:

1

* 5 0 0 9 1 8 5 6 *

*Zulku v. I.Q. Data Internatioanl, Inc.,* 19-cv-03675 (N. D. IL)
*Garret v. David B. Blaskovich P.C.*; 17-cv-0087 (N.D. IL).

Pursuant to 28 U.S.C. § 1746(2), I, Celetha C. Chatman, hereby declare under penalty of

perjury that the foregoing is true and correct.

Dated:  June 29, 2021                                      /s/ *Celetha C. Chatman*
                                                                        Celetha C. Chatman

Celetha C. Chatman
Community Lawyers, LLC
980 N. Michigan Avenue, Suite 1400
Chicago, IL 60611
Ph: 312.757.1880
fax: 312.265.3227
cchatman@communitylawyersgroup.com

* 5 0 0 9 1 8 5 6 *

# APPENDIX D

\* 5 0 0 9 1 8 5 6 \*

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| MARGARITA MALDONADO, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | CLASS ACTION |
| CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## DECLARATION OF DANIEL BROWN

I, Daniel Brown, being first duly sworn on oath, depose and state as follows:

1.    I am one of the attorneys for the Plaintiff above named.

2.    I have been admitted to the practice of law in the State of Illinois since October 2009.

3.    I am admitted to practice in the United States District Courts for the Northern District of Illinois.

4.    I am also admitted to practice in the Seventh Circuit Court of Appeals, the Fifth Circuit Court of Appeals, and the Ninth Circuit Court of Appeals.

5.    I am a member of the Trial Bar of the United States District Court for the Northern District of Illinois since 2017.

6.    I am a member of the National Association of Consumer Advocates since 2016.

7.    I graduated from Harvard Law School *cum laude* in 2009. Thereafter I worked

2

* 5 0 0 9 1 8 5 6 *

as an associate in the bankruptcy group at Kirkland & Ellis, LLP. While at Kirkland I primarily represented debtors in large chapter 11 reorganizations. I left Kirkland in October 2011 and joined the bankruptcy department at Baker & McKenzie, LLP, also as an associate. At Baker, I represented various types of creditors in chapter 7 and chapter 11 cases, as well as smaller debtors in chapter 11.

8. In March 2012, I left Baker to start my own firm, Brown Legal Advisors, LLC. At this firm, I represented (a) distressed debt investors in chapter 7 and chapter 11 proceedings around the country, (b) chapter 11 debtors in bankruptcy cases and related litigation, and (c) chapter 7 trustees in contested creditor litigation. I also provided consulting services to investment firms for investment opportunities that involved litigation and potential bankruptcy proceedings. In addition, I served as the trustee of a litigation trust established for the benefit of bankruptcy creditors in the case of *In re Imperial Capital Bancorp, Inc.* Case No. 09-bk-19431 (Bankr. S.D. Cal.).

9. In January 2015 I left Brown Legal Advisors and started a new firm focused on consumer protection litigation, now called Main Street Attorney, LLC.

10. I have substantial experience in federal court litigation, financial litigation, bankruptcy litigation, FDCPA litigation, mortgage fraud litigation, and other consumer fraud litigation involving the banking and financial sector, which are the main focus of my practice.

11. In 2018 I was approved as class counsel for an FDCPA class action in *Bishop-Lillegard v. Unifund CCR, LLC, et al.*, Case No. 16-cv-8075 (N.D. Ill.).

12. I have represented plaintiffs in over 100 FDCPA and other consumer protection cases.

Pursuant to 28 U.S.C. § 1746(2), I, Daniel Brown, hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:  June 29, 2021  /s/ *Daniel Brown*  _____
Daniel Brown

Daniel Brown
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com